STATE *v.* WILSON.

(*Jackson.* May 16, 1889.)

1. JUSTICES OF THE PEACE. *Authority to administer oath to surety for appeal.*

Justices of the Peace, being required by statute to take "bond with good security" from parties prosecuting appeals from their judgments to the Circuit Courts, are thereby invested with implied authority to administer oaths to proposed sureties for such appeals, and to examine them touching their solvency.

Code construed: §3857 (M. & V.); §3141 (T. & S.).

2. PERJURY. *Authorized oath.*

Such oath is material, and required or authorized by law, within the meaning of our statute defining perjury to be willful and corrupt swearing in regard to a "material matter upon any oath * * required or authorized by law."

Code construed: §5587 (M. & V.); §4793 (T. & S.).

FROM SHELBY.

Appeal in error from Criminal Court of Shelby County. J. J. DuBose, J.

Attorney-General PICKLE for State.

GANTT & PATTERSON for Wilson.

CALDWELL, J. The defendant was indicted in the Criminal Court of Shelby County for perjury.

On motion, the indictment was quashed, and the State has appealed in error.

It is charged in the indictment that John Walsh recovéred a judgment against E. W. Wilson for $159 before J. P. Young, a Justice of the Peace for Shelby County, on the 20th of October, 1888; that the defendant therein prayed an appeal from that judgment to the Circuit Court, which appeal was granted on condition that he would execute an appeal bond, as required by law; that on the 22d of October, 1888, and within the time allowed by statute for the execution of appeal bond, the defendant in the present case appeared before the said Justice of the Peace, and offered himself as surety on the required bond, whereupon, to test the solvency and sufficiency of said proposed surety, the said Justice of the Peace administered to him, the said Frank Wilson, an oath touching the material question of his ownership of property and financial condition; that he, the said Frank Wilson, then and there willfully, maliciously, knowingly, corruptly, and feloniously did swear falsely that he owned, etc., whereby he committed willful, deliberate, and corrupt false swearing and perjury..

The ground of the motion to quash is that there was *no authority* in the Justice of the Peace *to administer the oath*, in the taking or making of which the defendant is charged with having sworn falsely; that there is no law authorizing or requiring a Justice of the Peace to administer an oath

to a person tendered as surety on a bond for an appeal from the judgment of such Justice to the Circuit Court, and that therefore there is no charge of legal perjury.

The crime of perjury, "as described in the common law, is committed when a *lawful oath* is administered, in some *judicial proceeding* or *due course of justice*, to a person who *swears willfully, absolutely, and falsely* in a *matter material* to the issue or point in question." 3 Greenleaf's Ev., Sec. 188; 2 Bishop's Cr. L., Sec. 980; Wharton's Cr. L. (3d Ed.), p. 746.

By our statute, "Any person who willfully and corruptly swears or affirms falsely in any material matter, upon any oath or affirmation *required or authorized by law*, is guilty of perjury." Code (M. & V.) § 5587.

To constitute the offense under either of these definitions, it is indispensable that the acting official have jurisdiction to administer the oath; and whether that jurisdiction existed in the case averred in the indictment is the question we have for decision.

It is conceded, of course, that a Justice of the Peace has full legal authority to administer an oath in the course of judicial proceedings properly pending before him, and in many other instances where the authority is expressly conferred by statute; yet it is denied that such authority extends to the case made in the indictment.

The matter of litigation alleged, so far as it

involved the liability of the defendant therein for the debt sued on, had been determined, and was no longer pending; the Justice had nothing further to do or consider in that regard when the oath in question was administered; hence, that oath cannot be placed upon the same footing as one administered in the course of judicial proceeding with respect to the matter in controversy or the issue joined.

Confessedly, the case had passed that stage; and the authority for administering that oath must be found, if found at all, elsewhere than in the provision of the law which requires the Justice to qualify the witnesses testifying on the trial of the case.

The litigation having passed into judgment, the unsuccessful party asked for an appeal to the Circuit Court. It then became the duty of the Justice to see that the appellant gave an appeal "bond with good security." That duty was devolved upon him by statute, whose terms are mandatory. Code (M. & V.) § 3857. The *means* by which he shall determine when the required "good security" has been tendered, however, are not prescribed by that or any other statute, nor by any decision. That is a matter left to his own fair and honest judgment, and he must decide it for himself, resorting to all available sources of information necessary to a correct conclusion.

It is not required or expected that the Justice shall reject every proposed surety whose financial condition he does not know of his own knowledge. On the contrary, it is both expected and required that he will avail himself of other means of in-

formation in every such case, and that he will fairly and honestly, under his oath of office, investigate the whole question of the sufficiency or insufficiency of such surety. In this investigation it may become necessary for him to examine such proposed surety and his neighbors, or others who know him, under oath. If so, then it becomes his duty to administer the oath and so take their statements as evidence upon the question in hand.

Common experience and observation teach that, in some instances, it will be practically impossible for the Justice to acquire all the information requisite to a fair, honest, and intelligent discharge of this official duty, within the limited time allowed by law for the execution of an appeal bond, without qualifying the person proposing to become surety and others, and examining them under oath.

Though it is not allowable that he shall shift responsibility from himself by merely taking the sworn statement of others, that is one source of information to which he *may* resort, under the law, in making up his judgment upon the question in hand.

Therefore we are of the opinion, and we hold, that the imposition of the duty of taking "bond with good security," by implication carries with it *the authority to administer an oath,* and take sworn statements from the proposed surety and others touching his financial condition.

In this way the oath administered to the defendant was "authorized by law."

Let the judgment be reversed, and the case remanded.