## P. J. Mann *v.* William M. Cowan, Appellant, and G. V. Coast.

*False arrest—Burden of proof of probable cause—Malice.*

Where, in an action for false arrest, the plaintiff has made out a prima facie case showing, among other things, that defendants had acted without advice of counsel in the prosecution, the burden of showing probable cause is cast upon the defendants, and upon their failure to show it, the jury is unquestionably justified in finding lack of probable cause, and the malice which must concur to entitle the plaintiff to a verdict.

*Charge of court—Rebuttal of testimony—Charge as a whole.*

A trial judge is not held to a literal and verbatim statement of the testimony of a witness. It is only necessary that he should give correctly the substance of the testimony. If a serious mistake in quoting testimony is made by the judge, counsel should call his attention to it immediately

after the charge. The charge cannot be attacked piecemeal when, taken as a whole, there is nothing to mislead the jury.

Argued May 11, 1898. Appeal, No. 116, April T., 1898, by William M. Cowan, defendant, from judgment of C. P. Butler Co., Dec. T., 1896, No. 5, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Trespass. Before GREER, P. J.

It appears from the evidence that Coast, one of the defendants, purchased an organ of an agent of the Hinterminster Company and gave to the company his note for that amount. This note was subsequently transferred by the organ company to Cowan, the other defendant. Coast afterward made a payment to Cowan, lifted the note and gave another payable to Cowan for the balance. Subsequently the plaintiff came to defendant, Coast, with what purported to be the original note from Coast to the organ company, and demanded payment. At the trial defendant offered to prove that [sometime previous to this a neighbor of Cowan's, Worthington by name, had purchased an organ from this same company, had given his note in payment, which note had also been assigned by the company to Cowan. After the assignment of the Worthington note to Cowan, the company took a renewal of the note to itself, and a few days prior to the morning in question had made an effort to collect the renewal note from Worthington, whose original note Cowan held, of which occurrence Cowen had been informed]. [1]

And that when Coast came to Cowan's place and informed him of this second attempt to collect a note from the original maker which had previously been assigned to himself, the defendants gave plaintiff into the charge of a constable and subsequently had him formally arrested on a charge of uttering forgery, and he was committed in default of bail for forty-eight hours, but, upon hearing had, was discharged for want of evidence against him.

Verdict and judgment for plaintiff for $1,000. Defendant appealed.

*Errors assigned* were (1) in refusing defendant's offer as to

the Worthington transaction, reciting same. (2–5) Assignments specified alleged error to portions of the judge's charge. (6) The tendency of the court's charge, as a whole, was on the one hand to give undue prominence to plaintiff's theory of the case, to emphasize his testimony and magnify his alleged injury, and on the other, to discredit the testimony of defendants and magnify their alleged offense. (7) In qualifying its answer to defendant's second point, which point and answer are as follows: "If the jury find that the defendant, G. V. Coast never signed the note alleged to have been forged, or had reasonable grounds for believing it a forgery, there can be no recovery in this action, and the verdict should be for defendants. *Answer:* Affirmed; recollect if the justice dismissed this man at the hearing, then the law puts the burden of proof on the defendants to show that they had probable cause; then if they have shown it, if the defendants show they had probable cause, then the verdict should be for the defendants."

*J. M. Galbreath,* of *McJudkin & Galbreath,* with him *Lev. McQuistion,* for appellant.—Probable cause does not depend on the actual state of the case but on the honest and reasonable belief of the party prosecuting. Where it appears that the defendant acted merely through mistake the action cannot be maintained: Smith v. Ege, 52 Pa. 419.

The test is the prosecutor's belief of the existence of probable cause at the time, based upon reasonable grounds: Mitchell v. Logan, 172 Pa. 349.

It is error for the court, in charging the jury to state as a fact something which is unauthorized by the evidence and consequently misleading: Commonwealth v. Swayne, 1 Pa. Superior Ct. 547.

*S. F. Bowser,* with him *A. L. Bowser,* for appellee.—The burden of proof as to probable cause was upon the defendants: Barhight v. Tammany, 158 Pa. 545; Beihofer v. Loeffert, 159 Pa. 374; Ritter v. Ewing, 174 Pa. 341.

It is not necessary to render an act malicious, that the party be actuated by a feeling of hatred, or ill will, towards the individual. . . . A wilful infliction of wrong on another, which is not warranted by law, is sufficient: Commonwealth v. Snelling, 15 Pickering, 321, 340.

Probable cause is defined to be "a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinarily prudent man in believing the accused party is guilty of the offense:" McClafferty v. Philp, 151 Pa. 86; Ritter v. Ewing, 174 Pa. 341.

In some instances the courts have adopted the word "cautious" instead of "prudent," a stronger word, imposing greater diligence and care in the bringing of criminal prosecutions: Winebiddle v. Porterfield, 9 Pa. 138; Le Maistre v. Hunter, Brightly, 494.

The substance of all these definitions is a reasonable ground for belief of guilt: Smith v. Ege, 52 Pa. 419.

Failing to show probable cause, a burden cast upon them, malice may be inferred: Travis v. Smith, 1 Pa. 234; McClafferty v. Philp, 151 Pa. 86; Crawford v. Ryan, 7 Atlantic, 745; Bernar v. Dunlap, 94 Pa. 329; Ritter v. Ewing, 174 Pa. 341.

It is insisted that Cowan did not make the information, and is not therefore liable. Plaintiff submits this is not the law. He aided in it. Indeed, took the lead in it. If one is present and actively encourages and promotes a prosecution, he is liable: Walbridge v. Pruden, 102 Pa. 1.

An assignment of an isolated portion of a charge is bad when it wrests from its connection one part of a sentence from a paragraph, which taken together is entirely unobjectionable: Com. v. Swayne, 1 Pa. Superior Ct. 547.

When the questions of fact are fairly submitted, explanatory comments upon the weight of certain testimony, though unfavorable to one of the parties, are not grounds for reversal: Follmer v. McGinley, 146 Pa. 517; Dimmick v. Sexton, 125 Pa. 334; McKnight v. Mathews, 11 Atlantic, 676.

A judge is entitled to considerable latitude and discretion in commenting on the evidence; unless he be unfair or misleading the Supreme Court will not interfere: Commonwealth v. Doughty, 139 Pa. 383, 397; Didier v. Penna. Co., 146 Pa. 582.

It is not error for a judge to entertain an opinion upon the merits of the case. This is sometimes necessary in the interest of justice, and so long as he does not interfere with the province of a jury it is not error: Knapp v. Griffin, 140 Pa. 604, 617.

OPINION BY BEAVER, J., July 29, 1898:

That the inherent rights of the plaintiff to his liberty and reputation, guaranteed by the constitution, were violated was scarcely denied by the defendants. The plaintiff was placed in charge of an officer by the defendants, without process or warrant, was afterward regularly arrested upon a warrant for forgery, was taken before a justice of the peace and, in default of bail, was committed to the jail of Butler county, where he remained for about forty-eight hours. Upon a hearing had before the justice, he was discharged. The plaintiff's testimony clearly discloses these facts and the additional significant one that neither of the defendants had taken counsel in regard to the prosecution. The burden of showing probable cause was, therefore, cast upon the defendants. This they utterly failed to show and the jury was unquestionably justified in finding lack of probable cause and the malice which must concur to entitle the plaintiff to a verdict: Dietz v. Langfitt, 63 Pa. 234; Ritter v. Ewing, 174 Pa. 341.

The case was fairly, fully and ably tried, the rulings of the court were in accordance with law and quite as favorable to the defendant as he had any right to ask, all of the questions of law propounded by him in the shape of points, with a single exception, having been answered unqualifiedly in his favor, and the exception having been affirmed with a qualification which was entirely proper under the circumstances.

The first assignment of error is as to the. offer of testimony in regard to a transaction between the Hinterminster Organ Co. and one Worthington. It is not alleged in the offer that the plaintiff had anything whatever to do with the transaction. He was in no way responsible for it and was not to be prejudiced by it. The motives which influenced Cowan in beginning the prosecution for forgery were to be shown by facts which were relevant to the issue joined between him and the plaintiff. The offer contained nothing relevant to this issue and was properly rejected. If the Hinterminster Organ Co. or the agent who represented it in the alleged transaction with Worthington had been the plaintiff, the conclusion might have been different.

The second assignment of error is based upon a sentence taken from a paragraph in the general charge of the trial judge.

The portion of the charge assigned for error would seem to take it for granted that Coast was guilty and that, if Cowan was a party to the arrest, that he was equally guilty, but the charge, taken as a whole, conveys no such impression.  In the following sentence the court says : " In this case the law requires the plaintiff to make out the case.  He must prove, first, the arrest and the imprisonment, or that he had given. bail and, second, that there was no probable cause and that there was malice in the conduct of the parties to the case or parties making the information."  The charge, taken as a whole, was not objectionable in this respect, nor is it open to legitimate criticism in other respects as claimed by the appellant in the third assignment.  No undue emphasis was given to the plaintiff's testimony. .The main facts of the case were scarcely denied.

The fourth and fifth assignments are equally devoid of merit. Although the exact language of the witnesses may not have been employed by the court, there was not such variance between the language of the witnesses and the statement by the court of the substance of their testimony as to mislead the jury. The jury was told several times in the course of the charge that the testimony was for them, the trial.judge qualifying his statements of the evidence by such expressions as " The plaintiff and the defendants do not agree exactly.  You heard what the plaintiff said and what the two defendants said.  I do not recollect what Mr. Dallas said as to that.  You have a right to inquire.  You heard what he said and what Mr. Coast said." All this is clearly within the rule that a trial judge is not held to a literal and verbatim statement of the testimony of a witness.  It is only necessary that he should give correctly the substance of the testimony.  If a serious mistake in quoting testimony is made by the judge, counsel should call his attention to it immediately after the charge.  We do not think there was such a mistake here, as required the counsel to call the attention of the judge to it but it was not done and should not be complained of now : Krepps v. Carlisle, 157 Pa. 358.

The other assignments have been sufficiently disposed of by what has been already said.

The jury had full knowledge of the facts.  They had clear and competent instruction as to the law.  There was nothing in the charge of the court, taken as a whole, which tended to

prejudice the minds of the jury. There was no substantial misstatement of the facts by the trial judge. The verdict was fully justified by the facts and was reasonable in amount. It ought to stand.

Judgment affirmed.