### No. 9102.

### SCOTT v. THE PEOPLE.

1. BAIL—*Surrender of Principal.* Bail who surrenders his principal before final judgment upon *sci. fa.* is exonerated (Rev. Stat. sec. 1948).

2. JUDGMENT—*What Is—Record Construed.* Action upon a bail bond. Issues found for The People, and "ten days given in which to file a motion for a new trial. The entry of judgment stayed during that time." *Held* not a judgment, and that upon surrender of the principal by the bail, and payment of the costs in the criminal prosecution, as well as in the civil action on the bond the surety was exonerated.

*Error to Yuma District Court, Hon. Haslett P. Burke, Judge.*

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. JO. A. FOWLER, Mr. ROBERT M. WORK, District Attorney, for The People.

Opinion by Mr. Justice Allen.

THIS is an action wherein the plaintiff in error is sued as surety upon a bail bond. Upon trial the court found the issues of law and of fact for the plaintiff and against the defendant. The plaintiff in error, defendant below, duly filed his motion for new trial. Before the motion for a new trial was disposed of, and at the hearing thereon, the defendant showed to the court that he had surrendered the principal to the sheriff, and had paid the costs which had accrued in the criminal action in which the bail bond had been given, and also the costs in this action. The facts thus shown were admitted by plaintiff.

It is now contended by plaintiff in error that the trial court erred in failing to dismiss the action after the showing, above mentioned, was made.

The plaintiff in error was entitled to be discharged from liability upon the bail bond if he surrendered the principal, who was the defendant in the criminal case, before judgment was rendered in this action. *Huston v. People,* 12 Colo. App. 271, 55 Pac. 262.. The defendant in error, however, insists that at the time of the surrender of the principal, the judgment in this action *had been* rendered.

At the time the principal was surrendered by the surety, in the instant case, no judgment had been entered against the surety. The record shows that at the conclusion of the trial of this case, the trial judge employed the following language:

"At this time the court finds generally the issues of law and fact in this case for the plaintiff and orders that judgment be entered against the defendant on the bond in question in the sum of one thousand dollars, with interest thereon from the 9th day of October, 1912, and for costs. Let the record show the exception of the defendant to the findings and order for judgment and the judgment to be entered thereon. Ten days given in which to file a motion for a new trial. The entry of judgment will be stayed during that time. If a motion be filed, entry of judgment will be further stayed until the final disposition of the motion for a new trial."

The foregoing did not amount to a rendition of a judgment, but was merely the announcement of the decision of the court. The term "judgment" as used in the statute, Sec. 2075 Mills Ann. Sts. 1912, Sec. 1948 R. S. 1908, relieving sureties upon the surrender of the principal, means a judgment as ordinarily defined, and as defined in Sec. 221, Mills Ann. Code, "the final determination of the rights of the parties in the action." Such final determination, according to the record in this case, would not take place until after the motion for a new trial was disposed of. Prior to that time there was no judgment either rendered or en-

tered.   The court merely found the issues of law and of fact in favor of the plaintiff.   The findings of a court do not constitute a judgment.   *McKnight v. Balliff*, 45 Colo. 138, 100 Pac. 433.

The trial court therefore erred in assuming that it had rendered a judgment before the principal was surrendered by the surety, and in failing to dismiss the case upon the showing made by the surety, prior to November 1, 1916 when the court ordered judgment entered in favor of plaintiff, that he had surrendered the principal and paid the costs in the criminal case and in the case at bar.

The judgment is reversed and the cause remanded with directions to dismiss the action.

*Reversed and remanded.*

Decision *en banc*.