## No. 9069.

### THE PEOPLE v. POLLOCK.

1. STATUTES—*Construction—Implications*.   Where a statutory provision is general everything necessary to make it effectual is supplied by implication.

The statute authorizing the sheriff to let an accused person to bail upon his entering into a recognizance with one or more sureties, by implication authorizes the sheriff to examine the proposed sureties, or take from them affidavits as to their properties.

2. CRIMINAL LAW—*Perjury*.   One who offers himself as surety in a bail bond, makes, before a notary public, a false affidavit as to his financial condition.   He is guilty of perjury.

*Error to Denver District Court, Hon. William D. Wright, Judge.*

Mr. FRED FARRAR, attorney general, and Mr. W. B. MORGAN, assistant attorney general, for the people.

Mr. WILLIAM A. BRYANS, for the defendant in error.

Opinion by Mr. Justice Allen:

JANUARY 11, 1916, an information was filed in the District Court of the City and County of Denver, charging or attempting to charge one James G. Pollock with the crime of perjury. On motion of the defendant, the court quashed the information. The People bring the case here for review. The only error assigned relates to the act of the trial court in sustaining the motion to quash.

So far as material to the questions presented to us by the record, the information alleges, in substance, that the defendant, on April 7, 1915, signed and executed an affidavit in the matter of an application for a bond in a case then pending in the District Court between the People and one John Wheeler; that the application was before the Commissioner of Safety and Acting Sheriff, who had full power and lawful authority to take and receive bonds and recognizances; that the defendant was sworn, and the oath was administered to him by a notary public; that the affidavit was one touching the defendant's property qualification to become a surety upon the bond of the said Wheeler, and that in the affidavit the defendant Pollock "did wilfully, corruptly and falsely swear" that he was the owner of certain described real estate situated within the City and County of Denver, "valued at $5,000 and clear," and that he was "worth the sum specified" in Wheeler's bond. The information by appropriate averments showed the falsity of the defendant's sworn statements.

The grounds of the motion to quash are that "there is no law of the State of Colorado which authorized any notary public to administer any such oath" as was taken by the defendant; and that there is no "law in the State of Colorado requiring this defendant, in matters similar to those referred to in the information, to take any oath, or to subscribe the same before a notary public or any other person whatsoever."

The motion to quash presents but two questions. First, may a surety on a bail bond be guilty of perjury if he falsely and knowingly makes an affidavit as to his owner-

ship of property, or other qualifications as a surety, when justifying as such surety before a sheriff authorized to take . the bail bond in question? Second, is a notary public authorized to administer the oath taken in such a case?

If the first question be answered in the affirmative, the second would also be thus answered, since by section 4671 R. S. 1908 (sec. 5258 Mills Ann. Sts. 1912) a notary public is authorized to administer an oath on any occasion where the affidavit is authorized or required by law to be taken. The only remaining question presented in this case is, does the law authorize or require a surety on a bail bond to make an affidavit touching his qualifications as such surety, in cases where such bail bond is lawfully taken by the sheriff.

There is no statute requiring the sureties on a bail bond, taken by the sheriff, to make affidavit that they are worth the amount for which they bind themselves. Section 1947 R. S. 1908 (sec. 2074 Mills Ann. Sts. 1912), which authorizes a sheriff to let persons to bail upon their entering into a recognizance with one or more sureties, does not expressly authorize the sheriff to examine proposed sureties or require or take from them an affidavit of the kind in question. Nevertheless, the statute by implication gives such authority. Where the provision of a statute is general, everything that is necessary to make it effectual is supplied by implication. 36 Cyc. 113, note 81.

When section 1947 R. S. 1908, above mentioned, speaks of "one or more sureties," it refers to and means responsible sureties. The statute would be ineffectual, and the bond would be worthless, if the sureties were irresponsible persons. In *United States v. Lee,* (D. C.) 170 Fed. 613, it is said:

"The purpose of a recognizance is not to enrich the treasury, but to serve the convenience of the party accused but not convicted, without interfering with or defeating the administration of justice. Sureties, therefore, should be persons of sufficient financial ability and of sufficient vigilance to secure the appearance and prevent the absconding of the accused."

In cases where a sheriff lets a person to bail and takes his recognizance or bail bond, the duty rests upon such sheriff to see that the sureties offered are responsible persons. In the discharge of this duty, the sheriff may accept or demand an affidavit from the proposed sureties, or persons offering themselves as sureties, touching their property or other qualifications.

The view above expressed is supported by the case of *State v. Wilson,* 87 Tenn. (3 Pickle) 693, 11 S. W. 792, where it is held that a statute imposing upon a justice of the peace the duty of taking "bond with good security," by implication carries with it the authority to "take sworn statements from the proposed surety and others touching his financial condition." To the same effect is *Territory of New Mexico v. Weller,* 2 N. M. 470. In *Commonwealth v. Butland,* 119 Mass. 317, it was held that a commissioner, to take bail in criminal cases, may require a written statement under oath from the bail. See also *Com. v. Miller,* 8 Pa. Superior Ct. 35, 41; 6 Corpus Juris 1011.

Upon the principles laid down in the authorities cited, the affidavit mentioned in the information in the instant case was one "authorized or required by law to be taken," within the meaning of section 4671 R. S. 1908, and under the same section the notary public named in the information had the authority to administer the oath which was taken by the defendant.

For the reasons above named, it was error to sustain the motion to quash. The case is reversed and remanded, with directions to the lower court to overrule the motion to quash and require defendant to plead to the merits of the action.

Reversed and remanded with directions.

Chief Justice Hill and Mr. Justice Bailey concur.

Decided June 3, A. D. 1918. Rehearing denied December 2, A. D. 1918.