UNITED STATES v. LEE.

(District Court, S. D. Ohio, E. D. May 14, 1909.)

BAIL (§ 60*)—NATURE AND SCOPE OF REMEDY—PURPOSE IN GIVING RECOGNIZANCE.

It is within the discretion of a court or magistrate to refuse to accept a proffered criminal recognizance signed by a surety who has been fully indemnified against loss by third parties, and the bond should not be accepted where it appears that the indemnitors are not acting in good faith, in that it is not their purpose to secure the appearance of the accused, but to substitute the recognizance and indemnity for his person and enable him to flee from justice.

[Ed. Note.—For other cases, see Bail, Dec. Dig. § 60.*]

On Application for Acceptance of Bail Bond.

The accused, who is charged with unlawfully depositing, for mailing and delivery, in the United States post office, an envelope containing lottery tickets, was ordered by the committing magistrate to give bond in the sum of $2,500 for his appearance before this court at its next term. and in default of the same to stand committed. A financially responsible individual and a solvent surety company were in turn rejected as surety, because each had been indemnified to the full amount of the bond. Application was then made to the court to accept one or the other, or both, of the proffered bondsmen. To indemnify them, a purse of $2,500 had been made up by three of Lee's fellow Chinamen, two of whom live in Ohio and one in Indiana. An interested fourth party came from New York City and has spent some days in an effort

to secure Lee's release. The individual surety, if accepted, is to receive and hold $2,500 in cash to protect himself against loss. He asserts that he has no interest in, or care for, what the accused may do, and will not observe his movements or make any effort to produce him in court. The representative of the surety company testified that his company is to be fully indemnified, and, so far as he knows, it exercises no supervision over persons bailed under such circumstances. He has no personal knowledge of the accused, and would personally give no attention to his whereabouts, that being a matter for his company's consideration. The bond will not be executed if his employer will sustain a loss, or unless fully protected. He does not know the practice of the company, when it is not likely to sustain a loss, as to the apprehension of fugitives from justice for whom it has become bound. Two of the depositors of cash say they do not think that Lee will abscond, and that, if he does, they will try to find him. One of them, however, states that he has no expectation of recovering his money, and will be satisfied to lose it, if Lee escapes. The other does not care if he does abscond, and, if that occurs, he does not want his money, but is willing to lose it, and would rather sustain the loss of it than to see Lee sent to jail. The third indemnitor was silent as to what course he would pursue.

Thos. H. Darby, Asst. U. S. Dist. Atty., for the government.
E. C. Turner and T. J. Abernathy, for defendant.
Arthur I. Vorys, for Surety Co.

SATER, District Judge (after stating the facts as above). In the theory of the law, by a recognizance of bail in a criminal action, the accused is committed to the custody of the sureties as to jailers of his own choosing, and is so far placed in their power that they may at any time arrest him upon the recognizance and surrender him to the court, and are bound, at their peril, to see that he obeys the court's order. Reese v. U. S., 9 Wall. 13, 19 L. Ed. 541; Taylor v. Taintor, 16 Wall. 366, 21 L. Ed. 287; section 1018, Rev. St. (U. S. Comp. St. 1901, p. 719). The purpose of a recognizance is not to enrich the treasury, but to serve the convenience of the party accused but not convicted, without interfering with or defeating the administration of justice. Sureties, therefore, should be persons of sufficient financial ability and of sufficient vigilance to secure the appearance and prevent the absconding of the accused. It is urged in argument that this case is distinguishable from United States v. Simmons (C. C.) 47 Fed. 575, in which a bail bond was refused on account of the sureties being indemnified by taking a bond from the accused and others. It is said that, the indemnitors in this case being third parties, the public will have the security of two persons instead of one, and that in view of the announcement in United States v. Greene (C. C.) 163 Fed. 442, the sureties should be accepted. The acceptance, as a surety on a criminal bond, of one who had been indemnified by a person other than the accused, was not before the court in that case, and the cases cited to sustain the text of 16 Am. & Eng. Ency. of Law (2d Ed.) 172, merely go to the point that a contract to indemnify a person on his becoming bail for a prisoner charged with a criminal offense is valid and enforceable if persons other than the prisoner are indemnitors. When indemnitors are not acting in good faith, and their purpose is to substitute the recognizance and the indemnity for the person of the accused and thereby enable him to flee from justice, the court or committing magistrate should not accept the recognizance.

One of the proffered sureties declares that he will make no effort to produce the accused in court, should he abscond. The surety company will become such only if fully indemnified against loss. Strictly, this means that it must be indemnified not only to the full extent of the bond, but against costs also, for, if the deposit by the indemnitors be for only the exact amount of the bond, the surety company would be liable for costs, should the accused become a fugitive from justice. Jones v. Orchard, 16 C. B. ·614; 3 Am. & Eng. Ency. of Law (2d Ed.) 685. If the surety company endeavors to apprehend fugitives for whom it has become bound under circumstances such as are presented here, there is no proof of it. In view of the conduct of the indemnitors while testifying, and all the other circumstances developed at the hearing and surrounding the case, the two who last testified are entitled to slight credit for good faith or otherwise, and the other to but little more. There is, in my judgment, no probability of these three men, or any of them, surrendering the accused should he be about to abscond, or endeavoring to apprehend him should he succeed in so doing. They will be content to lose their money. Nor will there be any incentive to vigilance on the part of the sureties to produce the accused in court. The evidence gives no assurance, does not even justify the inference, that either of them would surrender him should he be about to escape, or seek to recapture him should he do so. Instead of the public having the security of at least two persons, the amount of the bond will be deposited in cash in lieu of the person of the accused, who will be at liberty to flee without fear of apprehension save from the government inspectors. When the circumstances point to bad faith on the part of the indemnitors, the right to bail guaranteed by section 1015, Rev. St. (U. S. Comp. St. 1901, p. 718), to an arrested party, does not prevent the court, in the exercise of a sound discretion, from rejecting sureties who, however honorable they may be, become sureties from purely business reasons and apparently without assuming any of the responsibilities which the law imposes.

It is not necessary to a determination of this case to decide whether or not a person, natural or artificial, that has been fully indemnified against loss by a person other than the accused, should be accepted as surety on a criminal bond.

In view of the facts presented, the sureties offered are not accepted.