### UNITED STATES v. CALIGIURI.
No. 8269–b.

District Court, D. New Jersey.
Nov. 26, 1940.

William F. Smith, U. S. Atty., of Trenton, N. J., and Irwin L. Langbein, Sp. Asst. to Atty. Gen., for the Government.

Walter G. Winne, of Hackensack, N. J., for defendant.

WATSON, District Judge.

The indictment in this case charges, in three counts, that the defendant committed perjury in justifying as surety on certain recognizances. Count one charges that the defendant falsely stated under oath that he was not surety on any bond other than the bond for which he was being examined and that he ,was not receiving compensation for acting as surety on the bond under consideration. Counts two and three charge that the defendant, on two different bonds, falsely stated under oath that he was not surety on any bonds other than the particular bond for which he was being examined. The indictment charges that these statements were false and that the defendant was surety on certain other bonds set forth therein and that the defendant was to receive the sum of Fifty Dollars for acting as surety on the recognizance set forth in count one. These statements were taken under oath before a United States Commissioner who was inquiring as to the quality of the defendant as surety on recognizances taken for the appearance of certain defendants in three criminal cases pending before the Commissioner.

The defendant filed a demurrer to the indictment in which it is contended that there is no federal statute authorizing an oath to be taken in proceedings to justify a surety; that the statements alleged to be false were not material; that the United States Commissioner was not a proper officer to take bail; that the indictment does not charge the commission of a crime under any law of the United States of America. These questions are now before the Court for disposition.

The qualification of a surety is to be determined by the law of the state. Hodgkinson v. United States, 5 Cir., 5 F.2d 628; United States v. Zarafonitis, 5 Cir., 150 F. 97, 10 Ann.Cas. 290. Hence, in this case, the Court must look to the law of New Jersey to determine the usual mode of process against offenders. 18 U.S.C.A. § 591. I have been unable to find any statutory authority for the administration of an oath in determining the quality of a surety. However, it appears to be the practice in New Jersey to make such examination under oath. Furthermore, the proceeding in which the sufficiency of the surety is determined is a judicial proceeding properly before the Commissioner and, consequently, he is entitled to conduct it under oath. Commonwealth v. Miller, 6 Pa.Super. 35; Hodgkinson v. United States, supra; United States v. Jones, 134 U.S. 483, 10 S.Ct. 615, 33 L.Ed. 1007. The question is, whether or

not the Commissioner was entitled to inquire as to whether or not the defendant was a surety on other bonds. It is apparent that the questions were asked in order to determine whether or not the defendant was what is commonly known as a "professional bondsman". The defendant contends that this matter is immaterial and that the Commissioner under the law of New Jersey is restricted to a determination of the financial sufficiency of the surety. In support of this the defendant cites the case of Ex parte Stegman, 112 N.J.Eq. 72, 74, 163 A. 422. It is true that this case, largely by dictum, holds that the inquiry as to the qualifications of a surety must be restricted to a determination of his "sufficiency", but the Court shows that the person taking the bail in the case demanded of the surety information of an unreasonably burdensome nature, and in effect denied the right of the petitioner to bail. Such is not the case here, and the Stegman case is not controlling here. The determination of the quality of the surety is a matter left to the discretion of the officer empowered to take bail and approve the surety. That the exercise of this discretion must not be abused is obvious, but it is equally clear that a reasonable exercise of this discretion is proper.

Rule 37(4) of the rules of the District Court of the United States for the District of New Jersey provides that "A personal non-corporate surety who has or is about to receive compensation as such from the principal or on his behalf either directly or indirectly, and has acted as surety for defendants in more than two cases either in Federal or State courts, shall not be accepted". If this regulation is valid, the alleged false statements of the defendant are clearly material. The case of United States v. George, 228 U.S. 14, 33 S.Ct. 412, 57 L.Ed. 712, was submitted by the defendant as being in point. In my opinion it is not. In that case, the Secretary of the Interior, by regulation, required certain matters to be stated under oath in a case where the statute did not require an oath, but instead, provided for proof of the facts by statements of two witnesses. The Court held that the false statements of the defendant were not required by any law of the United States to be made under oath. In the case at hand, the examination of the surety is required by a statute of the United States to be conducted under oath as has already been shown. The rule of the District Court, therefore, does not purport to require an oath in a proceeding where one is not required by statute but fixes a qualification which by statute must be determined under oath. In fact, the rule itself is merely a statement of a requirement which, if reasonable, would be proper in the absence of the rule.

The reasonableness of this rule of the District Court is, I believe, not open to question. Bail is given to secure the appearance of the accused at such time and place as the Court may desire. Therefore, in determining the quality of the surety, the Court must look not only to the financial sufficiency of the surety but also to the probability that the surety will surrender the accused. United States v. Lee, D.C., 170 F. 613; Concord Casualty & Surety Co. v. United States, 2 Cir., 69 F.2d 78, 91 A.L.R. 885. The ability of professional bondsmen to pay is always open to question, although under the law of certain states this contingent liability apparently cannot be considered in determining the solvency of such surety. Hodgkinson v. United States, supra. And too, there is even greater doubt as to the interest of such a bondsman in securing the appearance and preventing the absconding of accused persons. Under such circumstances it is reasonable to inquire as to the bail bonds upon which the proposed non-corporate surety has acted as surety even in absence of a rule of court. That such inquiry is material there can be no doubt.

The defendant has also questioned the right of the Commissioner to take bail and to examine the proposed surety under oath. That he has a right to take bail and approve sureties seems to be beyond question. Hodgkinson v. United States, supra; Safford v. United States, 2 Cir., 252 F. 471. Conceding his right to take bail and approve sureties, it is idle to contend that he does not have a right to examine the sureties before approving them.

I believe, therefore, that the indictment charges the defendant with making false statements as to material matter under oath before a competent officer in cases in which a law of the United States authorizes an oath to be administered that the written declaration subscribed by the defendant was true and

that the false statements were made knowingly and wilfully and contrary to the oath in violation of 18 U.S.C.A. § 231.

It is ordered that the demurrer be and it is hereby overruled.