### UNITED STATES v. FIELD.

United States Court of Appeals
Second Circuit.

Decided July 17, 1951.

Victor Rabinowitz and Mary M. Kaufman, New York City, for appellant.

Irving H. Saypol, U. S. Atty., New York City, for appellee; Roy M. Cohn, James B. Kilsheimer, III and John M. Foley, Assts. U. S. Atty., all of New York City, of counsel.

SWAN, Chief Judge.

On July 6, 1951, an order was signed by me temporarily enlarging the applicant on bail, pending decision and determination of the said application after submission of the record. A transcript of the proceedings before the District Court and memoranda by counsel having been submitted, the application is now ripe for decision. The three points argued do not appear to me to raise any substantial question which would justify the granting of bail pending the appeal. Rule 46, Fed.Rules Crim.Proc. 18 U.S.C.A.

■ The appellant's argument on the jurisdictional point rests upon a misunderstanding of the nature of bail in a criminal proceeding. The giving of security is not the full measure of the bail's obligation; it is hornbook law that the accused is delivered into the custody of the bail and the bail is bound to redeliver him so far as he can. It does not discharge the bail from that duty merely to abandon the security. The bail must assist in arresting the convict so far as possible; security is not a substitute.[1] This being true the bail can have no constitutional privilege to conceal from the court all that he knows of the whereabouts of the convict and that necessarily includes an inquiry into his relation with him at the time when the security was posted. Rule 46(g) made no change in the old law; as the reviser's note says it is "a restatement of existing law and practice."

■ If it be argued that there may nevertheless be a "substantial question" about any of this, at least no doubt can extend to defendant's refusal to answer fully about the books of the Bail Fund of the Civil Rights Congress and to help towards their production. The claim of privilege against self-incrimination has no application to the contemnor's refusal to produce books held by him in a representative capacity.[2]

■ The claim that there was a technical failure to comply with Rule 42, F.R.Cr.P., if sustained, would result merely in a remand of the appellant for resentence, so that this defect, if it be one, is not prejudicial to the appellant. See United States v. United Mine Workers, 330 U.S. 258, 296–301, 67 S.Ct. 677, 91 L.Ed. 884. Accordingly the application for bail is denied and the temporary bail allowed by my order of July 6th is hereby revoked and the appellant is directed to surrender to the United States Marshal.

1. Reese v. United States, 9 Wall. 13, 21, 19 L.Ed. 541; Taylor v. Taintor, 16 Wall. 366, 371, 21 L.Ed. 287; United States v. Simmons, C.C., 47 F. 575, 14 L.R.A. 78; United States v. Lee, D.C., 170 F. 613; Concord Casualty & Surety Co. v. United States, 2 Cir., 69 F.2d 78, 81, 91 A.L.R. 885; United States v. Caligiuri, D.C., 35 F.Supp. 799, 801; State ex rel. Howell v. Schiele, 85 Ohio App. 362, 88 N.E. 215. Leary v. United States, 224 U.S. 567, was a civil case and the language at page 575, 32 S.Ct. 599, at page 600, 56 L.Ed. 889, on which the defendant relies is not applicable.

2. Wilson v. United States, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771; United States v. White, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542.

If the appellant desires to have the appeal heard before commencement of the October Term of the Court of Appeals, I will convene a court to hear it as soon as counsel can prepare briefs and be ready for argument.