**UNITED STATES of America, Plaintiff,**

v.

**Horace G. COOK, Defendant.**

**Cr. No. 12523.**

United States District Court
S. D. Texas, Houston Division.

May 12, 1955.

Malcolm R. Wilkey, U. S. Atty., John C. Snodgrass, Asst. U. S. Atty., Houston, Tex., for plaintiff.

M. Gabriel Nahas, Jr., Vincent J. Licata, W. E. Martin, Houston, Tex., for defendant.

ALLRED, District Judge.

The indictment contains 13 counts, each charging perjury in the making of an affidavit greatly overvaluing described property in justification by defendant as surety on bonds approved by the United States Commissioner for various defendants to answer charges before the court. After motion to dismiss was overruled, jury trial was waived and evidence heard by the court on April 26 and 27, 1955. In overruling the motion to dismiss, the court stated that he would file a written opinion.

The first count is typical and reads as follows:

"That on or about the 2nd day of December, 1952, one Horace G. Cook in the Houston Division of the Southern District of Texas, and within the jurisdiction of this Court, having taken an oath before one Ruby Fenoglio, a notary public in and for Harris County, Texas, a competent person to administer said oath, in a case in which the law of the United States authorized an oath to be administered, that certain written testimony, declaration, deposition, and certificate, by him the said Horace G. Cook, was true, wilfully and contrary to such oath did state and subscribe material matter which he the said Horace G. Cook did not then and there believe to be true, to-wit: the said Horace G. Cook after having taken an oath as aforesaid, did state in and subscribe to, an affidavit described as 'Justification of Sureties' filed with

the office of United States Commissioner, Southern District of Texas, Houston Division, in connection with application and approval of bail bond in behalf of one A. A. Corry, United States Commissioner's Case No. 1456, that he the said Horace G. Cook was the owner of certain real property described as Lot 22, Block 1449, LaPorte, Harris County, Texas, and that said property was of a net value of $1,000.00, the said Horace G. Cook then and there well knowing said statement to be false in that the sum of $1,-000.00 greatly exceeded the net value of said property. (Vio. Sec. 1621, Title 18, U.S.Code)"

■ Defendant contends that the qualification of a surety is controlled by Texas law which does not require a bail bond surety to describe or value a particular property in his justification; and that defendant's affidavit, therefore, was a voluntary oath, not required by law, which cannot be made the basis for perjury. Provisions for bail and details as to justification of sureties, however, were enlarged in the Rules of Criminal Procedure, 18 U.S.C. A., which were not in effect at the time of the decisions relied upon by defendant.[1] In my opinion local law as to justification of sureties is no longer applicable, the subject being controlled by the Federal Rules of Criminal Procedure and local court rules[2] not inconsistent therewith. It has always been the law, as shown even by the cases cited by defendant, that an inquiry before a United States Commissioner as to the solvency of a surety is a judicial proceeding. Rule 46(e), Federal Rules of Criminal Procedure, is new, however, in federal law. It reads as follows:[3]

"(e) Justification of Sureties. *Every surety,* except a corporate surety which is approved as provided by law, *shall justify by affidavit* and *may be required* to describe in the affiavit the property by which he proposes to justify and the encumbrances thereon, the number and amount of other bonds and undertakings for bail entered into by him and remaining undischarged and all his other liabilities. No bond shall be approved unless the surety thereon appears to be qualified."

Rule 19(b) of the local rules provided in part:

"Each surety (other than a surety company qualified to execute bonds in this court as herein provided) on an appearance bond in a criminal case *shall be required by the United States Commissioner* accepting such bond *to list, on such bond, unencumbered and non-exempt property owned by him of sufficient value to cover his obligation on the bond.* * * * Provided, however, that the Commissioner *may,* in his discretion, and in addition, require each such surety to also endorse upon, or attach to, such bond, a statement in writing under oath, showing:

"A full and complete list and statement of all property, of every kind and character, owned by him, giving its location and *value,* and such description thereof as may be necessary, and as will enable the Commissioner and/or the court, to identify it.

"A full and complete list and statement of all property claimed by him as exempt from execution, and its *value.*

"A full and complete list and statement of all property belonging to him which is in litigation, or the

---

1. Citing Hodgkinson v. United States, 5 Cir., 5 F.2d 628; United States v. Zarafonitis, 5 Cir., 150 F. 97; United States v. Caligiuri, D.C.N.J., 35 F.Supp. 799.

2. Authorized by Rule 57, Federal Rules of Criminal Procedure.

3. Emphasis mine throughout unless otherwise indicated.

title to which is in doubt, or has been questioned, and its *value.*
* * *"

Pursuant to the foregoing the United States Commissioner had required defendant, among others, to file a general sworn financial statement, listing all his property and its value. In addition, as each bond was made, defendant was required to execute an affidavit on the back, of which Gov. Ex. 1 is typical, reading as follows:

"Justification of Sureties

"I the undersigned surety, on oath say that I reside at 411 Fannin St., Houston 2, Texas; and that my net worth is the sum of in excess of One Thousand dollars ($1,000.00).

"I further say that I own certain real property known and described as: Lot 22, Block 1449 of LaPorte, Harris County, Texas And that the same is not my homestead and that its net value above any indebtedness is in the sum of $1,000.00 and that I further swear that I will not dispose of this property nor encumber it while this bond is in effect.

"Horace G. Cook,
Surety."

"Sworn to and subscribed before me this 2 day of Dec. 1952 Houston, Texas
"/s/ Ruby Fenoglio
Notary Public, Harris County Texas"
(Seal)

█ It will be noted that Rule 46(e) provides that every surety (other than approved corporate surety) *shall* justify by affidavit and may be required to *describe* the property by which he proposes to justify; and that no bond shall be approved unless the surety appears to be qualified. In order to determine this, the value of the property becomes very material; and I think it is not too much, under the circumstances, to say that an averment of value is a part of the *description* of the property. All

doubt is removed by the provisions of local rule 19(b) emphasized above providing that the United States Commissioner *shall* require the bondsman to list on the bond unencumbered and non-exempt property of sufficient *value* to cover the obligation.[4] This is consistent, not inconsistent, with the Federal Rules of Criminal Procedure, 18 U.S.C.A. I held, therefore, that the qualifications of a bondsman in criminal cases are now controlled by federal, not state, law.

The affidavit required by, and furnished to, the Commissioner is a part of the *justification* which the surety must make under Rule 46(e), supra. The rule does not limit the discretion granted to a judge or commissioner as to what shall be contained in the affidavit. The Commissioner's requirement that it shall list and value specifically described property does not, therefore, add to the content of the affiavit or oath as in Shelton v. United States, 83 U.S.App.D.C. 32, 165 F.2d 241, cited by defendant.

The next contention is that perjury is not charged because each count shows that the oath was administered by a notary public, not by the Commissioner, and that no law of the United States authorizes a notary public to administer an oath to the affidavits in question. The perjury statute, 18 U.S.C.A. § 1621, reads:

"Whoever, having taken an oath before a competent tribunal, *officer, or person, in any case in which a law of the United States authorizes an oath to be administered,* that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true, is guilty of perjury, and shall, except as other-

---

4. Each affidavit involved here sets a value twice the amount of the bond.

wise expressly provided by law, be fined not more than $2,000 or imprisoned not more than five years, or both. June 25, 1948, c. 645, 62 Stat. 773."

A United States Commissioner is, of course, authorized to administer oaths.[5] But Rule 46(e), supra, provides that sureties shall justify by *affidavit;* and 5 U.S.C.A. § 92a authorizes, among others, notaries, duly appointed in any State, to administer oaths in all cases in which oaths are authorized or required to be administered under the laws of the United States. The affidavit was one required by law and, whether sworn to before the Commissioner or a notary, can be made the basis for a perjury charge. This contention is overruled.[6]

On the facts there is no question that the affidavits were false in the respects charged. The described properties were grossly over-valued. Defendant testified that he thought he was swearing to the value of his total assets, not the specifically described property. I cannot accept this. Defendant is an intelligent man. He himself filled in the description of a particular lot and its value. I think what happened was this:

Defendant has made many bonds and has never defaulted. He has paid off every default promptly without whimpering or stalling. He has been active in apprehending any defendant who defaulted. The Government has not lost a penny on any bond he has made. I think defendant knew in his own mind that his bond was good, regardless of security; that he thought the justification was a mere formality and he would never be challenged as to the values since he always had, and would pay off promptly. These are factors to be considered in mitigation of punishment; but defendant simply could not and did not believe

he was deposing truthfully. He is therefore adjudged guilty as charged.

The Clerk will notify counsel accordingly. Date for sentence will be set hereafter.

---

5. 28 U.S.C.A. § 637.

6. The facts show that the notary in question, with one exception, was secretary to the Commissioner.