**UNITED STATES of America,
Appellant,**

v.

**Jean NEBBIA, Appellee.**

**No. 326, Docket 30291.**

United States Court of Appeals
Second Circuit.

Argued Feb. 21, 1966.

Decided March 9, 1966.

Waterman, Circuit Judge, dissented.

Stephen E. Kaufman, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, New York City, and John S. Allee, Asst. U. S. Atty., on the brief), for appellant.

Arnold C. Stream, New York City (Lewy, Rosoff & Stern, New York City, on the brief), for appellee.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge:

Appellee Jean Nebbia was indicted on January 5, 1966 for conspiring to import large quantities of narcotic drugs (some 95 kilograms seized—allegedly the largest seizure of heroin ever made in the United States). Bail of $100,000 was directed by the Commissioner on December 20, 1965. Motions for reduction of bail were made and denied. In a sworn petition for reduction, Nebbia stated (December 29, 1965): "I do not have sufficient cash available to put up $100,-000 bail * * *." The last bail reduction application was denied on January 28th. A few hours thereafter Nebbia's attorney presented a cashier's check for $100,000 issued by The Chase Manhattan Bank payable to the Clerk of the District Court. The United States Attorney refused to execute the certificate prerequisite to acceptance of the bail by the Clerk. Nebbia then moved for an order directing his immediate release and the government cross-petitioned for an order (1) requiring Nebbia to provide one or more sureties in addition to the cash and (2) continuing Nebbia's detention until he could be examined for the purpose of ascertaining the source and status of the $100,000 under the asserted authority of Rule 46, subd. (e), Federal Rules of Criminal Procedure. The district court granted Nebbia's application for release on the $100,000 bail and the execution of a personal bond and denied the cross-application of the government. This direction was made "without any hearing" and "as a matter of law and not as a matter of discretion." The government appeals.

Although the Rules (Rule 46 (a, c), Fed.Rules Crim.Proc.) provide that a person arrested in a non-capital case "shall be admitted to bail," "the amount thereof shall be such as in the judgment of the * * * judge * * * will insure the presence of the defendant * * *." This Rule as interpreted in this Circuit requires more than the mere deposit of cash. "The giving of security is not the full measure of the bail's obligation:" United States v. Field, 2 Cir., 190 F.2d 554, 555 (1951). It "is not the sum of the bail bond that society asks for, but rather the presence of the defendant * * *." Concord Casualty & Surety Co. v. United States, 2 Cir., 69 F.2d 78, 81, 91 A.L.R. 885 (1934). "If the court lacks confidence in the surety's purpose or ability to secure the appearance of a bailed defendant, it may refuse its approval of a bond even though the financial standing of the bail is beyond question." Ibid., concurring opinion of Judge Swan, p. 81, quoted by Judge Clark in United States v. Field, 193 F.2d 92, 99 (1951). And in United States v. Lee, 6 Cir., 170 F. 613 (D.C.S.D.Ohio, E.D. 1909) the district court said on an application for acceptance of a bail bond that the right to bail "does not prevent the court, in the exercise of a sound discretion, from rejecting sureties who, however honorable they may be, become sureties from purely business reasons and apparently without assuming any of the responsibilities which the law imposes." Id. at 615.

These cases indicate that the mere deposit of cash bail is not sufficient to deprive the court of the right to inquire into other factors which might bear on the question of the adequacy of the bail and stress the importance placed upon the ability of the surety to produce the defendant. The district court here by his granting to the government the opportunity to seek a review in this court and by his express statement that his order was directed as a matter of law has made it sufficiently clear that he does not believe that he had any discretion to hold a hearing where cash bail was post-

ed. In this belief, we find the court to have been in error and, hence, remand the proceedings to him so that he may take such action as in his discretion he may find to be justified.

■■ The government requests this court in the event that the court concludes that the order is not appealable to consider the appeal as an application for leave to file a writ of mandamus and to grant the requested relief on that ground. International Products Corporation v. Koons, 325 F.2d 403, 407 (2 Cir., 1963). Nebbia is presently under detention. In the interest of expedition, the court treats the appeal as a request for a writ. Mandamus has long been recognized to be available to compel a judge or officer to exercise discretion which he has erroneously considered himself to lack. Work v. United States ex rel. Rives, 267 U.S. 175, 184, 45 S.Ct. 252, 69 L.Ed. 561 (1925).

As to the claim by Nebbia that on any such hearing his Fifth Amendment rights would be violated, this claim cannot be passed upon at this time when the nature of the questions, if any addressed to him is not known. When, as and if Nebbia asserts such rights, they can be resolved by the district court. Further-

more, other witnesses not so privileged may be called. Lastly, the district court already has made it clear that he will not countenance delaying tactics.

Mandamus may issue requiring Judge Sugarman to exercise his discretion whether to hold a hearing to determine the adequacy of the bail tendered on behalf of Nebbia, and whether it should be increased in amount or be accompanied by sureties.

The appeal is dismissed as moot in the light of the issuance of mandamus.

WATERMAN, Circuit Judge (dissenting):

I dissent. Not only was cash bail the kind of bail demanded but the one hundred thousand dollars of cash demanded is in the custody of the court. In addition, the order below limits Nebbia's movements quite restrictively,[1] and indicates that Judge Sugarman is interested in insuring Nebbia's presence to answer to the court's calendar calls. The cases cited by the majority relate to the ability of a bondsman to produce the one bailed, to the bondsman's financial standing in the event the one bailed is not produced and to whether the court can justly consider the bondsman a dependa-

---

1. " * * * FURTHER ORDERED that notwithstanding the foregoing provisions [the deposit of $100,000 cash bail] defendant Jean Nebbia shall not be released from custody unless he shall first execute a personal bond, as principal, for his further appearance before this Court as required by subdivision (d) of Rule 46, Federal Rules of Criminal Procedure which bond shall provide that the same shall be deemed to have been breached if:

(i) said Jean Nebbia shall, until the further order of this Court or any appellate court, depart the Borough of Manhattan, City of New York and State of New York, or

(ii) shall enter any railroad station, pier, dock, airport, bus station or other terminal, or

(iii) shall enter any embassy, legation, consulate or the United Nations, or any other building or territory not subject to the laws or under the jurisdiction of the United States of America, without permission of the Court, or

(iv) shall not notify the United States Attorney, Robert M. Morgenthau or Assistant United States Attorney William M. Tendy by telephone or telegram at the United States Court House, or at home if not otherwise available, prior to removing himself all night or for any longer period from his place of residence in New York County following his release from custody, giving the exact address within the County of New York where he shall then or thereafter be found, or

(v) shall not at all times present himself before the District Court upon such day as the District Court may order; all unless or until excused or otherwise permitted by any subsequent order of this Court; and it is

FURTHER ORDERED that if defendant Jean Nebbia shall not execute his personal bond upon the aforedescribed terms, his cash deposit shall forthwith be returned to the attorneys for said defendant and his custody and detention shall be continued; * * *."

ble ally. Here, as is very often done, the court ordered that cash be produced instead of a bondsman. Cash is dependable and seems to enjoy a reputation for financial stability. Although I agree with my colleagues that the purported appeal from Judge Sugarman's order should be dismissed, I would refuse to grant the writ of mandamus. I can only visualize a program of harassment ahead if Judge Sugarman should decide to permit the interrogation the government requests. When a court demands that cash be produced on the barrelhead and that cash is produced, why isn't that the end on't?