**UNITED STATES of America,**

v.

**Samuel Joseph MELVILLE, George Demmerle, John David Hughey, III, and Jane Lauren Alpert, Defendants.**

**No. 69 Cr. 811.**

United States District Court
S. D. New York.

Jan. 3, 1970.

See also D.C., 309 F.Supp. 829.

Lefcourt, Garfinkel, Crain, Cohn, Sandler & Lefcourt, New York City, for defendants Melville and Hughey; by William E. Crain and Frederick H. Cohn, New York City, of counsel.

Sanford M. Katz, New York City, for defendant Alpert.

Robert M. Morgenthau, U. S. Atty., S. D. New York, for plaintiff; by John H. Doyle, III, New York City, of counsel.

OPINION

POLLACK, District Judge.

Since bail was fixed for the defendant Melville, detailed facts have come to the attention of the Court having a material bearing on the discretion to be exercised which compel a modification of the terms previously set for the release of the defendant pending trial.

The history of the bail arrangements thus far is that following arrest the United States Commissioner on November 13, 1969 set $500,000 as the required bail. This was reduced by him on the following day to $300,000.

A hearing was held before Judge Frankel on November 14, 1969 in respect of bail, and in an opinion on November 15, 1969, D.C., 306 F.Supp. 124, Judge Frankel imposed certain non-financial conditions and reduced the financial requirement to $50,000. The defendant was remanded, being unable to meet the conditions.

On November 18, 1969 the Grand Jury filed an indictment charging defendant with conspiracy to destroy federal property, and the defendant pleaded not guilty to the indictment on November 24, 1969. At that time the Court continued the same terms for bail. The Court heretofore necessarily was required to consider the bail question on the basis of adversary contentions as to the facts and circumstances, and affidavits

prepared by partisans without test in the crucible of cross examination as well as on the basis of defendant's pleaded denial of culpability and the presumption of innocence which the Court was constitutionally bound to respect.

At hearings held on December 29th, 30th and 31st, 1969, the government presented witnesses who were closely questioned on cross examination in respect of the cause for the arrest, the alleged inculpatory statements of the defendant and the surrounding facts and circumstances. Not only was the Court given the verbal testimony, but it had the opportunity to judge the demeanor evidence of the witnesses produced by the government.

The evidence of the government, and I ignore for purposes of this hearing all testimony given by the defendant as a witness, presented for the first time tangible, convincing, adversary-tested proof of crimes of enormous import and gravity. Theretofore, it was conjectural just how far the partisan counsel had over- or understated the situation.

The evidence overwhelmingly establishes that the defendant was seized at the scene of the crime carrying a knapsack loaded with dynamite and additionally armed with a loaded pistol in a shoulder holster and a tear gas "pen" in his pocket. The crime charged is, indeed, grave.

No designated responsible organization or designated responsible person has come forward to accept responsibility for defendant's future appearance in court. The names of those given to the Court have not been shown except by confident assertion, to be in the class of persons who view responsibilities to the law as it now is as the proper guideposts of proper conduct.

The defendant has no tangible or intangible roots in the law abiding community. He has no employer. He is separated from his wife and eight year old child. He claims indigency. In short, there are no moral, social or financial principles or ties which could act as a reasonable assurance or influence in having him observe the obligation to appear in court as required or for trial. The obvious incentive for this defendant without roots or other influencing factors would be to flee the jurisdiction or hide and fail to appear for trial under the circumstances of such a strong case against him.

■ The purpose of setting bail is not to purchase freedom from the hold of the law, but as a guarantee which reasonably assures the return of the defendant to court. A naked money deposit in and of itself fails to serve as the necessary reasonable assurance when its multiple sources are from persons who would not consider themselves materially affected by the loss of their contributions if their overriding cause were being served by the freedom of their friend and ally. Such deposits would, realistically speaking, have no more influence with this defendant than have the restraining influence of rules of law and the tenets of organized society, which the defendant is charged with violating.

■ The law plainly is that before a conviction, a person arrested for a non-capital offense shall be admitted to bail and a defendant should not needlessly be detained.

There is a strong policy against unnecessary detention of a defendant pending trial.

■ An order of release on proper terms is, in my opinion, an absolute right prior to conviction. These principles must be applied with an awareness of reality and the facts of modern life and in conformity with common sense.

United States v. Nebbia * makes the rule clear for this Circuit. I quote:

> The giving of security is not the full measure of the bail's obligation. It is not the sum of the bail bond that society asks for, but rather the presence of the defendant * * *. If the court lacks confidence in the sure-

* 357 F.2d 303, 304 (2d Cir. 1966).

ty's purpose or ability to secure the appearance of a bailed defendant, it may refuse its approval of a bond even though the financial standing of the bail is beyond question. (Citations omitted)

It has been indicated on this record that at least one of the financial sponsors of bail, the first to be named as such by counsel, has described the defendant Melville as a dedicated revolutionary brother who should be freed at any cost. Such an attitude is scarcely consonant with the responsibility which the law imposes.

■ Under all the relevant facts and circumstances and in the exercise of the Court's discretion, the motion of the government is granted to the extent that the non-financial conditions of bail release set forth in the order herein dated November 15, 1969 shall stand together with the requirement that the defendant post cash bail or a bond with sufficient and proper and responsible sureties in the proper sense of that term in the sum of $100,000.

The defendants may, if they so desire, also have a speedy trial to resolve the issues raised by the indictment, and a reasonably early date will be promptly fixed if counsel will indicate that they are prepared for and will not resist the same.

The defendant shall also comply with the last paragraph of the order of November 15, 1969, prior to any release, in respect of being apprised by this Court or in its absence by any other Judge of the court on the penalties for violation of bail conditions.

### SUPPLEMENT

After the foregoing determination was made, the defendant moved for and was granted an evidentiary hearing in respect of the underlying issue herein. The Court makes the following supplemental findings in respect thereto:

The principal witnesses produced on the evidentiary hearing testified that they are virtually unacquainted with the defendant, having met him today or within a day or so. The two boyhood friends who testified stated that they have seen little or nothing of the defendant in the past year and disclaim knowledge of his activities during that period and indicate no evidentiary basis on which to find that they could be designated as responsible for the defendant's appearance or possessing any influence in that regard.

On the basis of all of the facts and circumstances including the record made on the evidentiary hearing and evaluating the demeanor evidence and the probabilities, it is the finding of the Court that the defendant has failed to establish any ties or roots which would cause him to hesitate before deciding to flee the jurisdiction or conceal himself rather than to return to court for trial, or to have any concern over whether the depositors lost their money. Those who testified indicated they were prepared to post only a fraction of the required bail; and no others were produced to indicate any other facts of significance on the inquiry.

The ruling in respect of bail made heretofore is in all respects confirmed and shall stand.

So ordered.