UNITED STATES of America, Plaintiff,

v.

Patrick DUSSUYER, Defendant.

No. 81–465–Cr–CA.

United States District Court,
S. D. Florida.

Oct. 26, 1981.

Neal B. Shniderman, Robert M. Lipman, Asst. U. S. Attys., Miami, Fla., for the Government.

Richard Marx, Miami, Fla., for defendant.

### ORDER AFFIRMING MAGISTRATE'S ORDER SETTING NEBBIA HEARING

ATKINS, Chief Judge.

THIS CAUSE is before the Court on the petition of the defendant for review of the Magistrate's Order granting the Government's petition for a *Nebbia* hearing. (*United States v. Nebbia*, 357 F.2d 303, 304 (2d Cir. 1966)). For the reasons that follow, the Magistrate's Order is affirmed.

The defendant was arrested on or about October 17, 1981 and charged with possession of cocaine. On October 19, 1981 the Magistrate ordered the defendant's release upon the posting of a $100,000 corporate surety bond. A subsequent motion for reduction of bond was denied. At the hearing on the motion to reduce bond, the Magistrate granted the Government's motion for a *Nebbia* hearing.

The defendant contends that the Magistrate has no authority to conduct a *Nebbia* hearing when a corporate surety is required. Although there are apparently no decisions on this precise issue in this circuit, the Fifth Circuit has approved the general use of *Nebbia* hearings. *See, e. g., United States v. Skipper*, 633 F.2d 1177 (5th Cir. 1981). Each of the courts that has considered the issue has concluded that a *Nebbia* hearing is appropriate even when the conditions of release require a corporate surety. *See, e. g., United States v. DeMarchena*, 330 F.Supp. 1223 (S.D.Cal.1971); *United States v. Melville*, 309 F.Supp. 824 (S.D.N.Y.1970).

The reasons for requiring a *Nebbia* hearing do not disappear solely because a corporate surety is involved. Regardless of whether the bond is posted by a corporate surety or in cash, the only means of accurately assessing the effect of a bail bond on the defendant's incentive to flee is to inquire into the motives of the surety. If a corporate surety is fully indemnified for its loss by benefactors of the defendant, the Court is entitled to inquire into the identity of the indemnitors, the source of their collateral and the motive for their undertaking. If the indemnitors are criminal associates of the defendant or the collateral is derived from illegitimate sources, the indemnitors may be willing to post the collateral solely to enable their associate to flee. The loss of the collateral is then written off as a cost of engaging in the criminal enterprise.

The defendant also urges that Rule 46(d) of the Federal Rules of Criminal Procedure exempts corporate sureties from having to

explain the source of their collateral. However, Rule 46(d) is not a limit on the Court's discretion to determine the financial motives behind the posting of bail. *United States v. Melville*, 309 F.Supp. 824, 828 (S.D. N.Y.1970). The Rule provides only that an approved corporate surety does not have to provide an affidavit setting forth its assets; the Rule does not limit, indeed it does not mention, the Court's authority to consider the source of the corporate surety's collateral for an individual bond. A corporate bond is not intended to act as a shield for benefactors of the defendant who seek his release at any cost, including the loss of their collateral.

In sum, I find nothing improper in the use of a *Nebbia* hearing when a corporate surety is involved. Regardless of whether a bond is posted in cash or through a corporate surety, it is necessary to consider the source of the funds for the bond to accurately assess the likelihood of flight. I find no merit to the defendant's arguments to the contrary. Accordingly, it is

ORDERED AND ADJUDGED that the Magistrate's Order Granting the Government's Petition for a Nebbia Hearing is affirmed.