917 F.2d 1306
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Richard P. PAUL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-3001.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 30, 1990.*
Decided Nov. 8, 1990.
 
 Before BAUER, Chief Circuit Judge, and WOOD, JR. and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Richard P. Paul, proceeding pro se, appeals the district court's dismissal of his motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. We affirm.
 
 I.
 
 2
 In 1986, Paul, together with nine co-defendants, was indicted on eight counts of violating various narcotics laws. On April 29, 1986, Paul and the government entered a plea agreement to one count of conspiracy to distribute cocaine in violation of 21 U.S.C. Sec. 846, and one count of possession of cocaine with intent to distribute it in violation of 21 U.S.C. Sec. 841. The government agreed to dismiss the other counts. The district court entered judgment on the plea and sentenced Paul to twelve years in prison and three years of special parole on the conspiracy count and to six years on the possession count with the sentences to run consecutively.
 
 
 3
 Paul did not file a direct appeal from his conviction, but on October 14, 1986, filed a motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, seeking a reduction of sentence. The district court denied the motion, and Paul did not appeal this denial.
 
 
 4
 On May 20, 1988, Paul filed pro se a motion to vacate sentence pursuant to 28 U.S.C. Sec. 2255. Paul raised four claims, but did not attempt to show cause and prejudice for his procedural default of failing to raise these claims in a direct appeal or in his Rule 35 motion. Nevertheless, the district court examined Paul's claims to determine whether it could infer cause and prejudice. The district court found that it was arguable that there was cause for not raising the claims on appeal, but concluded that Paul could not show prejudice. Paul timely appeals, arguing, inter alia, that the district court erred in concluding that his claims were waived.
 
 II.
 
 5
 A motion pursuant to section 2255 may not substitute for a direct appeal from a guilty plea. See Williams v. United States, 805 F.2d 1301, 1306 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987). Paul may not raise in a habeas petition claims that could have been, but were not, raised earlier unless he can show cause for, and prejudice resulting from, his failure to raise them. See Norris v. United States, 687 F.2d 899, 901 (7th Cir.1982). For the limited purpose of determining whether Paul can show prejudice resulting from his procedural default, we examine the merits of his claims. See United States ex rel. Link v. Lane, 811 F.2d 1166, 1170 (7th Cir.1987).
 
 
 6
 Paul contends that his plea was entered involuntarily and unintelligently. Paul argues that he was coerced into pleading guilty by counsel's "threats" that a trial would be hard on his family. A criminal trial is a very upsetting event for a family. That it played heavily in Paul's decision to plead guilty does not make counsel's advice coercive. Implicit in Paul's contention that his plea was coerced is that he would have not pleaded guilty and would have insisted on going to trial.[1] The record refutes this contention. The district court conducted a thorough Rule 11 colloquy in which Paul responded that the plea was not coerced by threats or obtained by promises outside the plea agreement. " 'Rational conduct requires that voluntary responses made by a defendant under oath before an examining judge be binding.' " Bontkowski v. United States, 850 F.2d 306, 314 (7th Cir.1988) (quoting United States v. Ellison, 835 F.2d 687, 693 (7th Cir.), cert. denied, 479 U.S. 1038 (1987)). Paul fails to provide grounds on which to dispute the accuracy of his earlier representations to the sentencing judge.
 
 
 7
 Paul also argues that there was no factual basis for his guilty plea and accordingly that the court was without jurisdiction to accept the plea. The government made an extensive offer of proof at the plea hearing. Counsel objected that the offer exaggerated Paul's role, but counsel did not dispute whether or not a factual basis for the plea existed. The evidence against Paul was overwhelming, and the district court found that a factual basis for the plea existed. Paul fails to show that he was prejudiced by the procedural default.
 
 
 8
 Paul contends that the district court erred in failing to grant his motion requesting an evidentiary hearing. Paul argues that an evidentiary hearing was necessary since all the issues in the section 2255 motion "were, for the most part, merely assertations [sic] without recorded basis' [sic] of facts." A district court need not grant a motion for an evidentiary hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. Sec. 2255; Rosenwald v. United States, 898 F.2d 585, 588 (7th Cir.1990). It was clear from the section 2255 motion and the record that Paul could not overcome the procedural default with a showing of cause and prejudice. The district court did not err in denying Paul an evidentiary hearing.
 
 
 9
 Paul raises a number of additional claims for the first time in this court.[2] Specifically, he claims that his right to due process was violated in that the indictment was based on perjured testimony. In the district court, Paul apparently claimed that the government's offer of proof was based on perjured testimony. Even if we were to construe these claims generously to be the same, neither of these was raised on direct appeal or in the Rule 35 motion, and therefore they are waived. Paul has failed to show cause and prejudice for this default. As the district court found, Paul's version of the testimony of the government's witnesses as contrasted with the government's fails to reveal prejudice since the discrepancies and motivations Paul attributes to the witnesses for testifying do not negate the salient details of their testimony.
 
 III.
 
 10
 Because Paul failed to raise his claims in a direct appeal from his conviction or in his Rule 35 motion and because he cannot show cause and prejudice, we are unable to reach the merits of his claims. Accordingly, the order of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In addition to Paul's allegation discussed above that counsel coerced his plea by warning of the strain a trial would put on his family, Paul alleges that the government coerced his plea by threatening his family. This is an apparent reference to the government's expressed position at the bail hearing that should Paul's family try to post a piece of property, belonging to Paul's son, as collateral for Paul's bail, that it would seek to have the court conduct a Nebbia hearing. See United States v. Nebbia, 357 F.2d 303 (2d Cir.1966); see also United States v. Eschweiler, 782 F.2d 1385, 1386 n. 2 (7th Cir.1986). This does not constitute coercion for purposes of showing that a guilty plea was involuntary
 
 
 [2]
 Specifically Paul contends that counsel (1) failed to file a direct appeal despite his request; (2) incompetently handled a motion to suppress; (3) intentionally delayed getting Paul out on bail as part of a plan to extort money from him; and (4) coerced Paul to plead guilty to cover the fact that he was not prepared to go to trial. Because Paul raises these claims for the first time on appeal, they are waived, and we will not address their merits. See Patrick v. Jasper County, 901 F.2d 561, 566 (7th Cir.1990)